818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert E. MOATS, Petitioner,
v.
KING KNOB COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent.
 No. 86-3556.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1987.
Decided April 27, 1987.
 
 Before ERVIN and WILKINSON, Circuit Judges, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 Jack L. Gould, for petitioner.
 Mary Lou Hill (Furbee, Amos, Webb & Critchfield; James Michael O'Neill, U. S. Department of Labor on brief), for respondents.
 PER CURIAM:
 
 
 1
 Robert E. Moats has appealed a decision of the Benefits Review Board (the "BRB") denying his claim for benefits for black lung disability payments. The BRB had affirmed a like decision of an Administrative Law Judge ("ALJ") denying benefits to Moats.
 
 
 2
 It is undisputed that Moats was entitled to the interim presumption established by 20 C.F.R. section 727.203 (a) (1) . Moats had thirty-five years of coal mine employment and suffers from pneumoconiosis. The sole issue presented on appeal is whether there is substantial evidence to support the ALJ's decision (affirmed by the BRB) that the interim presumption was rebutted under section 727.203 (b) (2) . In accordance with that section, the ALJ found--after considering all relevant medical evidence--that Moats was "able to do his usual coal mine work or comparable and gainful work."
 
 
 3
 In reaching his decision the ALJ relied upon the opinion of Dr. R. E. Piccirillo that Moats suffered no significant impairment. The ALJ noted that Dr. Piccirillo's conclusion was supported by pulmonary function and blood gas studies which failed to satisfy the presumptive disability standards established by section 727.203 (a) (2) and (3) .
 
 
 4
 Moats challenges the ALJ's decision in three ways.
 
 
 5
 First, he argues that it was error to rely in any respect upon the absence of qualifying pulmonary function and blood gas studies. As Moats posits, the law is clear that a claimant need meet only one of the elements established by section 727.203(a) to be entitled to the interim presumption. See Wilson v. Benefits Review Board, 748 F.2d 198, 201 (4th Cir. 1984). However, Dr. Piccirillo's opinion was based not only upon the nonqualifying pulmonary function and blood gas studies but also upon a physical examination, history, chest radiographs and an EKG. The non-qualifying tests merely supported his opinion and the ALJ could properly credit the doctor's opinion in finding that the interim presumption was rebutted. Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986) .
 
 
 6
 Second, Moats contends that Dr. Piccirillo took an insufficient history because, as he admitted during cross-examination on his deposition (which was admitted into evidence at the hearing), he was not specifically familiar with the duties which Moats had to perform. Although Dr. Piccirillo did so testify, it is clear that his experience made him generally familiar with the conditions under which Moats worked and Moats' counsel did not pursue the matter further in his questioning. The adequacy of Dr. Piccirillo's knowledge was a matter for the ALJ to consider in determining the doctor's credibility.
 
 
 7
 Third, Moats suggests that Dr. Piccirillo did not ultimately conclude that he was able to do his usual work because Dr. Piccirillo expressed some reservation as to whether any man 66 years of age should work as a driller operator. The doctor's testimony is clear, however, that any reservation that he had was based entirely upon Moats' age, not upon his medical condition. He clearly stated that Moats "can do whatever you would ask some other 66-year old man to do."
 
 
 8
 For these reasons the contentions made by Moats are without merit. There was substantial evidence to support the decision reached below, and that decision accordingly is affirmed.
 
 
 9
 AFFIRMED.